May it please the court, good morning. My name is LeVar Taylor. I'm appearing on behalf of the appellants, Meruelos. I'd like to reserve two minutes rebuttal time. This case presents the issue of whether or not the tax court had jurisdiction over the case below. What sounds like a simple issue is a little more convoluted. It involves the Tefra partnership proceedings. It involves issues of both fact and law, at least in this case. Now, the case law of all courts, including this court in the Atkinson case, is that where there's a pending Tefra partnership proceeding Before you get to that good argument, which I know where you're going, but I'd like you to tell me what it means. Because the tax court has special expertise in the field, its opinions bearing on the Internal Revenue Code are entitled to respect. What kind of respect? What do I do in this situation? Because you're going to be very fair. You're going to say this is a tough issue, and you're going to tell me why it's not so tough. You've got your idea, and then the other side's going to come up and say, oh, it's not tough at all. It's my way. But what do I do with this idea out of Merkel's 1999 Ninth Circuit case that says I'm to give the opinion of the tax court respect? Well, it's the same respect the court gives in other cases. For example, in Atkinson, the court said the question of jurisdiction is reviewed de novo. And the case cited Napoliello, which is cited in our 20HA letter, which is kind of the flip side of this case. Is this akin to Skidmore deference, this respect? Not at all, Your Honor. If this was Skidmore deference, what would happen is basically any time the government came in and said, well, this is our position, the courts would have to defer. This is a jurisdictional issue. And it raises, frankly, separation of powers problems for the courts to be deferring to the executive branch on the issues of jurisdiction. Although we wouldn't defer to the executive branch on jurisdiction, would it be appropriate to defer to them as to the explanation of how the procedures fit together? The --"how the procedures fit together"? No, not that specific question. The issue of deference in, you know, Skidmore and, you know, the issues involving internal revenue regulations are really not involved in this case. This case doesn't involve regulations. If it were a regulation, then there is deference, and we have a recent Supreme Court case that says that. So let me get to the bottom of it then, although, as you explained, it's a little more complicated than it might look. So we don't have a partnership proceeding pending, correct? And there's no administrative adjustment that's been issued. So in those circumstances, which I think are present here, would it be your view that you'd have to wait until the final date of the statute of limitations to issue a legitimate notice of deficiency? Not in this particular case. As was the case with Adkisson and the other cases in the tax court, there is objective evidence in the record showing that there is a reasonable likelihood, as of the date of the notice of deficiency being issued, that the IRS is going to make adjustments at the partnership level. Why? There's a criminal investigation. The IRS represented to the tax court below that the very person who was ultimately criminally indicted in New York was involved in this return. That is the ultimate, that's the antithesis of accepting a return as filed. When the IRS is saying, well, we're going to prosecute him. We're going after him. And in the court they said, well, our normal policy is to defer pursuing civil remedies while we pursue our criminal remedies. Now, that's a policy. Just to keep, you know, that's always an option. This fraud option is one that kind of trails taxpayers always. So you're saying simply because there was this possibility that they would proceed that that changes this case? Not a mere possibility. There's evidence, again, in the record that there was a criminal investigation. Well, I understand that. But you see, the difficulty is we're relying on the statutes, so we're not really relying on those facts. I mean, statutorily, you know, why isn't there notice, evidence that they've basically accepted the partnership return? And they always, even when they accept the partnership return, don't they have an opportunity to go back for fraud? Theoretically down the road. But there's no evidence here. And remember, the government was in possession of all the evidence. That's why we asked to do discovery. And if you step back for a minute and you look at the typical case where the taxpayer says, oh, the government says, we're disallowing that deduction. You have the burden of proof. The reason the burden of proof is on the taxpayer is because the taxpayer has the evidence. Here, what the tax court did was flip that around. We had no evidence as to whether the government had accepted the return. The only evidence that was there was the representations of counsel by the government that said, oh, we have a criminal investigation. And Mr. Greenberg, who is connected with this return, is under indictment for the very transactions that are at issue in this return. Now, that is not accepting the partnership return. That's saying, oh, we don't like the partnership return. In fact, we don't like it so much that we're going to prosecute somebody criminally. Is it the law that the commissioner must issue a notice of deficiency in order to assess the tax to the partner regarding affected items? Yes, if they were ‑‑ if it's not a pure computational. All right. So that's what I saw. And then there's also law that says that one can issue a notice of deficiency when there's no pending partnership level proceeding, correct? Well, what the ‑‑ those cases deal with situations where there was no criminal ‑‑ Isn't that correct, however? That if there is no pending partnership level proceeding, that the commissioner may file his notice of deficiency? That's not quite correct, Your Honor. What code section requires the commissioner to wait to file a notice of deficiency when there's no partnership level proceeding? 6225 prohibits the commissioner from assessing the deficiency based on ‑‑ How does that limit it? 6225 seems to limit the assessment, but isn't the assessment different from giving the notice of the deficiency? The notice of deficiency is a prerequisite to the assessment. You cannot have an assessment without the notice of deficiency. Oh, I understand that, but then there's a difference. The assessment is different than the notice of deficiency. Correct, but if we allow the IRS to issue notices of deficiency when there is objectively a realistic possibility that there's going to be a partnership adjustment, which was the case here, then you destroy ‑‑ basically, you gut the entire TEFR partnership scheme. Well, would that be true if the, you know, the only downward adjustment or, I mean, downstream, I guess I should call it, adjustment would be limited to fraud? I mean, that would be ‑‑ they'd be stuck otherwise. I mean, you're saying, well, you think because there is a criminal investigation that it was inevitable that this was going to happen. No. I'm not saying it has to be inevitable. What I'm saying is that unlike those cases where the IRS had never done anything, you know, had basically ‑‑ the IRS issued a notice of deficiency and the taxpayer went to the tax court and said, oh, this is premature, and the IRS stood up in court and said, oh, we've accepted the return. We have no intention whatsoever of going after the partnership return. That didn't happen here. What happened here was the IRS attorney stood up in court and said, oh, we may go after Mr. Mariuelo if the six‑year statute is still open. They made those representations to the court. And so we have a real possibility as opposed to a remote possibility where, oh, maybe someday somebody may pick up the file. And in this case, there is a very real possibility. There was at the time of the notice of deficiency, and that's the test. The validity of the notice of deficiency depends on what was going on. And the IRS had the information in its possession. Okay? They're the only ones who know whether or not they've accepted the returns. We have no way of knowing that absent any, you know, manifestation or presentation of evidence. The only evidence in the record were the statements by counsel in the motion to stay the proceedings below and in the status report saying, oh, we've got a criminal case here, and we may come after Mr. Mariuelo. We may issue an FPAW. The problem that I have is that it seems to me that the code also requires a notice of deficiency to be issued before the statute limitation expires. No, it does not. It's not required. In other words, what happens is this. For partnership proceedings, once the partnership proceeding is over, okay, that is if there is a partnership proceeding. The IRS has one year after the termination of the partnership proceeding to issue an effective items notice of deficiency. So they're not required. So if the IRS issues the FPAW, then the statute of limitations is told. Here, the IRS itself made the choice to not issue the FPAW. There was nothing that prohibited the government from issuing the FPAW. They could have sent it out at any time, and in fact, they could have sent it out and said, oh, and then when there was a petition filed, move to stay the tax court case, just like they moved to stay it here. This is a self-inflicted wound for the government. Well, self-inflicted wound. I guess the question is whether statutorily, if there's no partnership proceeding pending, whether there's a statutory impediment to issuing the notice. And in your view, the statutory impediment comes from what statute? 6225. 6225. Because having to do with the assessment, not the notice. Assessment. Okay. Okay. 6225. I'm sorry, Your Honor. I was wondering whether I was ‒ No. I was saying so we ‒ we're looking for the statutory impediment to say, at least to support your view, which is that this notice of deficiency is deficient in effect. Void yes. Void. Deficient, null, doesn't exist. So we look, under your view, to 6225 to see if that is, in effect, a blocker. And every court has said, in a context where there is actually a pending proceeding, that says that a notice of deficiency issued while that proceeding is pending is premature. Right. But there's no ‒ see, the difference here is what? There's no proceeding pending. Because they have decided to pursue the criminal action and have announced publicly in the tax court that, oh, we're deferring this, and we may come after you. So there ‒ it's ‒ again, it's not some remote possibility. It is an actual, you know ‒ I mean, my view, we don't know this for sure, but the reason why they probably did not come after the issue of an FBAW after the conclusion of the criminal proceeding is there was an acquittal of Mr. Greenberg. I think we have your argument in mind. Let's hear from the government. You might want to reserve your time because you're down to two minutes. Thank you. May it please the Court, my name is Richard Farber. I represent the Commissioner. My opponent has made a rather simple case very complicated. He ‒ the issue here is whether the tax court had jurisdiction. It's well established the tax court gets jurisdiction if the Commissioner issues a notice of deficiency within the statute of limitations, which he did here, and the taxpayer timely files a petition, which the taxpayer did. That gave the tax court jurisdiction to adjudicate the merits of this case. The taxpayer did not want an adjudication on the merits. He was trying to avoid his tax liability on a technicality, but one that was not applicable. His position is the deficiency notice was invalid, not because it was too late, because he says it was too soon. The statute that actually governs the issuance of a notice of deficiency is Section 6212, and all it says is if the Secretary, which includes the Commissioner, determines a deficiency, he is authorized to send a notice of deficiency. And in fact, 6213 precludes the Commissioner from assessing any deficiency until he sends the notice, waits 90 days for the taxpayer to petition the tax court. If the taxpayer petitions, he is precluded from assessing until the decision of the tax court is final. Those are the relevant provisions. There was nothing wrong with the deficiency notice in this case. 6225, which deals with when a deficiency is attributable to a partnership item, is really equivalent to 6213. It precludes the Commissioner from assessing a deficiency in tax attributable to a partnership item until he gives a pre-assessment notice, which in the case of a partnership item is called an FPA, Final Partnership Administrative Adjustment. It's only a preclusion on assessment. There was no assessment made here, just a notice of deficiency. In terms of what my opponent is relying on, he's relying on a judicial gloss put on only by the tax court on 6225. The tax court, in a series of decisions beginning with GAF, has held that 6225 not only prohibits the Commissioner from assessing a deficiency in tax pertaining to a partnership item, but also prohibits him from sending a notice of deficiency during the pendency of a partnership-level proceeding. But the tax court has further held that its gloss does not apply in the circumstances of this case, where at the time the notice is issued, there is no partnership proceeding pending, and at the time the petition is filed, the statute of limitations bars the institution of such a proceeding in the absence of fraud. And that's what we have here. Now, at the time this deficiency notice was entered, the IRS was not going to But could you just step back, because that seems to me, I mean, everybody agrees there's no partnership proceeding pending, and it kind of boils down to the fraud issue. And he says, you know, this is an unusual circumstance. So what's the tax court case that you're relying on when you're saying that Roberts. Roberts, okay. Your Honor, of course, you have to understand that in any case, information could come to the Commissioner long after the deficiency notice is issued, long after the tax court even entered its decision that there was fraud relating to a partnership. The Commissioner could then go back and institute partnership proceedings. And that's why you have a different statute of limitations for fraud. Yeah, but if there is no fraud and the Commissioner does not issue a deficiency notice within the normal period, he's out of luck. So even if he's considering, maybe I can look at the fraud, he cannot forego the regular statute of limitations, then investigate the matter, then find out there is no fraud, then he can't go back and issue it. He can't go back, right. So that would be an impossible scheme. And I would also add that although the government in Atkinson defended the dismissal there of a case because there was a pending partnership proceeding, unlike this case, this Court, in which you were on the panel, Your Honor, rejected that argument and said the courts have been throwing around the term jurisdiction way too loosely that because there was a timely deficiency notice and a timely petition, the Court had jurisdiction even though the notice was issued during the pendency of a partnership level proceeding. Now, that's what you gave Atkinson, right. Now, of course, we have reconsidered our position in light of that. And we agree that it doesn't matter if it's pending. If the Commissioner issues a statute of notice of deficiency and there's a partnership level proceeding, then the deficiency proceeding should just be stayed by the tax court until it's resolved. Isn't that also the same thing we said in Bromberg versus Engeling? I'm not familiar with that case. Well, that's a 1962 case, so I might have been researching too tough. You might have been alive, but some of us weren't in law school. I was alive then, but not in law school. Go ahead. I would also bring to the Court's attention the decision in Charlotte's office boutique, which we sent to the Court by 20HA letter, in which the Court said that the jurisdiction of the tax court, its subject matter jurisdiction, should be determined at the time it's invoked, which is when the petition is filed, and that events that happen afterwards do not deprive the court of jurisdiction unless they eliminate the case or controversy between the parties. In this case, the Commissioner was unaware of this intervest partnership when he issued a deficiency notice because it wasn't reported on the taxpayer's return. He only became aware of it when the petition was filed, and then several months later, he became aware that intervest was part of this KPGM criminal case, and then he moved to state proceedings. But all this took place after the Court already had jurisdiction when the petition was filed. The rule that my opponent is asking for would put the Commissioner in an impossible position of, well, gee, if there's some possibility, you might be able to open up a partnership-level proceeding. You can't issue an affected items notice of deficiency. You have to wait until you decide. And, of course, by then, if there's no fraud, you're out of luck. And the ---- Kagan, could I just clarify one thing? Are you really saying that if you issue the notice of deficiency, that that's also saying that you're accepting the partnership-level return as filed? It ---- essentially, in this case, we did. We conceded ---- if the Commissioner does not institute a partnership-level proceeding by issuing an FPI, he's stuck with the items on the return as reported. He can still go after the partners because there's separate grounds, affected items that would come into play. So in this case, the partnership claimed a $14 million loss. The Commissioner never instituted a timely partnership-level proceeding. He was stuck with that loss. He could not come in and say to the taxpayers here, that partnership loss was no good. He was stuck with that because he did not commence a proceeding, and by the time the petition was filed in this case, the statute ran, in the absence of fraud, which always is the case. If there's fraud, so you can't ---- that can't be the case. So I just wanted to ask, then, and it may be a question of semantics or terminology, but would that filing of the notice of deficiency, does it matter? I mean, do you need to say, well, at some point, you need to fix a point that you've ---- you, meaning the IRS, has accepted a return as filed? No, Your Honor. There's no provision in the code that covers accepting a return, and this Court has ruled on more than one occasion that a letter to the taxpayer saying that we've accepted your return is meaningless because he can turn around the next day and say we've got new information and we no longer accept it. So the validity of a deficiency notice cannot turn on whether we send out a meaningless letter saying, well, as matters now stand, we're not going to challenge your return. So I'm just asking if ---- In this case ---- I'm asking if the notice of deficiency serves that purpose. Well, generally, it did in this case be ---- well, when we sent the notice of deficiency, we didn't even know, the IRS didn't know about that the loss that was being disallowed in the deficiency was traceable to this inter-vest partnership. They only found out when the petition was filed. But the point is, by the time the petition was filed, the regular statute of limitations had run on adjusting the partnership return. So the commissioner, as a practical matter, had to accept the items on the return as filed which he conceded in the tax court. In fact, he said certain items in my deficiency notice are partnership items. I concede those because I did not institute a timely partnership proceeding. But there are other items which are effective items that the tax court can adjudicate whether the taxpayer was at risk, whether he had any basis that would allow him to claim a loss. The taxpayer contested that. He lost in the tax court. He's conceded it on appeal. So the commissioner, as a practical matter, had to accept the partnership return, and he did because the statute had run and he could only reopen it in the case of fraud. But that's always the case. I mean, you could have had this case where he didn't discover this until there was a decision on the merits, and then it became final, and then the commissioner determined there was fraud, and so then he could institute a proceeding. That cannot relate back and say, oh, the deficiency notice you issued was invalid. The commissioner has to act to protect the revenue when there's three days to go on the statute of limitations as there was here, and he wasn't even aware of this partnership, and he issues the notice and there's a petition. There's nothing wrong with the notice, even though a month later or two months later he became aware that maybe there was fraud, maybe he could reopen this. In the end, he didn't. Kagan. Ginsburg. Let me just ask my question a different way, and the reason I'm asking it is because when you get in the tax area, however we might decide this case, by making certain determinations, there's often kind of tentacles into other parts of the tax code. So would I be correct to say that in your view the validity of the notice of deferral of a deficiency kind of rises and falls of its own accord, separate and apart from any determination about the acceptance of the filing? Absolutely, Your Honor. I'd say the only statute is 6212, and it says if the commissioner determines a deficiency, he's authorized to send notice. If he sends it beyond the three-year statute, then the notice is no good, and that's it, he cannot assess. If he sends it within the three years, it's a good notice. If the taxpayer files a timely petition, the court has jurisdiction. That's the end of the matter. This whole gloss that the tax court put on it, which we would submit in light of Atkinson, is highly questionable. But the tax court itself, we have to understand, this is an appeal from the tax court interpreting its own decisions which created this gloss on 6225, and it says here, as it said in four other cases that we've cited in our brief, it doesn't apply if at the time the notice of deficiency is issued. There is no pending partnership proceeding which is conceded here, and if at the time the petition is filed, the normal statute of limitations has already expired, then in that circumstance, the commissioner will be deemed to have accepted the partnership return because he has no choice, the statute is run unless he can prove fraud. But fraud would allow to open any return at any time. So that can't be the standard. If we follow what you're arguing and what the tax court said here, what would prevent the IRS from issuing the notice of deficiency many months or even years before the expiration of the statute of limitations, and then later starting the partnership level proceedings before the limitations period had run? Well, normally, the commissioner would have no incentive to do that. He doesn't gain any incentive. If we're talking about the tax court. I mean, that to me is the ultimate problem with what you're suggesting. Well, Your Honor, if he ñ normally, the commissioner would not issue a deficient ñ an affected item notice of deficiency if he understood there was going to ñ that he was going to start a partnership level proceeding, because if partnership items have to be resolved, he cannot go forward with the deficiency proceeding. He would have to ask the tax court to stay it. So there would be no reason. Normally, the only time that the commissioner is issuing a deficiency notice is maybe one ñ while there's a pending proceeding is maybe one hand doesn't know what the other is doing. But in that circumstance, the tax court can just say, I'm going to stay this deficiency proceeding until the partnership items are resolved. Then I'm going to ñ then I'm going to decide the deficiency case. It's not a matter of jurisdiction. There is not ñ there is no provision in the Internal Revenue Code and no court case that supports the taxpayer's position that this deficiency notice was invalid. None. 6225 by its terms only applies to assessments. And even if you accept the gloss of the tax court, it only precludes the commissioner from issuing a notice while there's actually a pending proceeding, and there wasn't any here. And by the time the petition is ñ was filed, which is when you look at jurisdiction, the statute of limitations for instituting a partnership proceeding already had expired. I have no other questions. Thank you, Your Honor. First, the tax court has said that contrary to the position advocated by the government, the tax court says that the validity of the ñ of the notice of deficiency does determine whether or not the return ñ the partnership return was accepted as filed. That's what the court said below. So the position being advocated by the government here is inconsistent with the tax court's ruling below. The tax court said factually we need to look and see whether or not the ñ I know, but you just got done telling us we shouldn't be listening to ñ or deferring to the tax court, so we're kind of on a ñ Well, I ñ I ñ I agree you should not defer. My ñ my point is this, is that counsel is saying ñ represent, oh, we didn't know about this. They knew about the partnership. There was ñ there was a criminal case going on with respect to the partnership. And all they needed to do to protect the statute of limitations against the Mary Ailes was issue a partnership notice. That's all. So this ñ this whole ñ and so they knew that there was a criminal case. And had they gone ahead and issued the partnership notice, they would have been protected. Because once that notice is issued, that holds the statute of limitations open until the partnership proceeding is concluded. So, you know, when ñ when the government says, oh, this is going to tie the government's hands, that's not accurate. The government has complete freedom and had complete freedom in this case to issue a partnership notice. They chose not to. That was intentional. And at least as far as we can tell, the issue here is we don't know any of the facts behind that. And if the court says, oh, there's got to be a factual ñ there's ñ you know, it's a factual issue, if the court adopts the position of the tax court, then the government below had three chances to come forward with facts and failed to do so. That's why we asked this court to draw adverse inferences. They have three chances to explain and put a ñ and explain the representations by counsel that, oh, this is a criminal case. They didn't do that. And that's why we asked the court to ñ to draw adverse inferences against the government or alternatively to remand it back to the tax court case below. So the government is not hamstrung by the rule that we're proposing at all. And we're not dealing with a case where down the road, you know, the government discovers the fraud five years from now. The government knew about the fraud before the ñ as far as we can tell from the statute ñ knew about the fraud at the partnership level before this three-year statute passed. And they chose not to issue the notice to the partnership. And the consequence of that, of course, is that unless they can prove fraud, they're not going to be able to assess affected items. Well, but your case really falls or is sustained on what we say 6225 does, correct? It's 6225. We live or die by 6225. That's what I thought. And, of course, if this Court says that the IRS can issue a notice of deficiency, okay, notwithstanding the fact that there is a, you know, in this case a realistic possibility that there will be a partnership-level adjustment, because, again, they knew ñ they said, oh, we think there's fraud here. And, of course, they're not going to just ñ you know, they're not saying, oh, there's nothing going on. If the Court issues that ruling, it's going to create an administrative nightmare for the Commissioner because ñ and for the tax court because it's ñ again, it's a court of national jurisdiction. And, therefore, the court's going to have ñ and the tax court is ñ it has a rule where it follows ñ it, you know, appeals to ñ when it has cases in the Ninth Circuit, it follows the Ninth Circuit rule. When it appeals to other circuits, it follows other rules. And outside the Ninth Circuit, if this Court says ñ you know, if this Court says, oh, we don't care about whether it's accepted or not, we just don't think 60225 prohibits the issuance of a notice of deficiency, it will create major administrative nightmares for the Court and ñ Kennedy. They're in here arguing they're ready to take it. I'm sorry? They're in here arguing they're ready to take it, evidently. Well, I ñ I mean, my ñ yours is a policy argument. I'm not involved in policy. I'm involved in interpreting the statutes and coming out where it is. Those arguments, I felt good about your arguments, but I'm not worried about what it's going to create for them. The law is the law. Right. And as the Court said, it ñ the problem here is that a rule that allows them blanket jurisdiction to ñ or blanket to issue notices of deficiency, when there is an indication ñ not some remote speculative possibility ñ when there is an indication that they're going to proceed with partnership proceedings because they've said, oh, there's a criminal case, and we've deferred civil because of the criminal. Okay? That's our policy. It creates ñ it creates difficulties because they can go out and issue notices of deficiency. Thank you. Thank you. I appreciate your argument. Also, the briefing from both counsel in this case, very helpful. The case of Morello v. the Commissioner is submitted.
judges: Benitez, McKeown, Smith